### O'CONNER vs. BERNARD.

APPEAL from the court of the third district.

The jury are
not bound to
say a debt is
paid because
a witness
swears he
thinks it is.
Interest must
now be al-
lowed on a
protested
note, from
the day of
protest.
Where an at-
torney at law
receives
notes from a
debtor, a-
gainst whom
he has claims
for collection
as collateral
security with
a promise to
sue on them,
he acts as a-
gent of the
debtor in the
collection.

PORTER, J. delivered the opinion of the court. This is an action against the partner of a commercial firm, for the amount of a note executed in the name of the partnership. The defence set up in the answer is a debt due by the plaintiffs for goods sold, and an allegation, that notes to the amount of $3276 47 cents were placed in the hands of one Colt, an attorney at law, and agent of the plaintiff, who was authorised to receive them, and that they have never been accounted for or returned.

The cause was tried by a jury, who found a verdict against the defendant for $450. The plaintiff appealed, and the defendant, in this court, has assigned errors in the judgment, which he prays to be relieved against.

The principal matter in dispute between the parties, grows out of the delivery of the notes and accounts to Colt. The appellant insists that she was not responsible for the collection of these papers, or the fidelity of the agent to

whom they were entrusted. The defendant
contends, that Colt, duly authorised by the
plaintiff, received the notes, that there was
latches in not collecting them, by reason of
which, no recovery can be had on the note
they were given to discharge; that large sums
of moneys have been collected on them, which
more than compensate the note sued on, and
that, at all events, the plaintiff cannot have
judgment against him, without, at the same
time, being decreed to deliver up the notes
which her agent received as collateral securi-
ty.

Colt was an attorney at law. It is also pro-
ved that he was agent for the plaintiff, in col-
lecting moneys for her, and paying debts. The
note on which the suit is brought, was in his
hands for collection. The receipt he gave for
the notes and accounts delivered to him by the
defendant, is in the following words: "Recei-
ved of Messrs. Crawford & Bernard, by the
hands of Joseph Bernard, the above mention-
ed notes, in amount $3276 47 cts. as collate-
ral security on two endorsements—one of Jas.
O'Conner for $800; one of James Flower for
$1000, which, when collected, will go to dis
charge said endorsees; the balance, a debt due

Eastern Dis.
March, 1828.

O'CONNER
vs.
BERNARD

Wilkins & Linton, of about $5000; the notes in the hands of Woodruff are to be received. (Signed) J. D. Colt, acting for James O'Conner, James Flower, and Wilkins & Linton."

This case, with the exception of part of the money having been collected, presents almost the same features with that of Benson *vs* Shipp, reported *vol.* 5, *n. s.* The attorney was the agent of both parties: of the plaintiff, to collect the debt due by the defendant, and to receive collateral security; of the defendant, to collect the debt so assigned, and pay over the moneys to those, for whose use they were placed in his hands. There is nothing proved in evidence, which shews the plaintiff enlarged the stipulation entered into by Colt, or, that, in any respect, changes the responsibility created by the terms of the receipt. The defendant must, therefore. look to Colt, or his representatives, for the notes placed in his hands. *Vol.* 5, 154.

But, for the money collected by Colt, we think the jury did right to allow a credit. By the terms of Colt's agreement with the defendant, to which we think there is satisfactory evidence of the plaintiff's assent: *the money when collected was to go in discharge of her*

*claim.* As soon, therefore, as it came into the agent's hands, its effect in discharging the debt cannot be distinguished from a payment made in money to the attorney bythe debtor.

The defendant complains there is an error in the verdict, in not allowing credit for all the moneys received on account of the notes. The draft of the plaintiff, and the sum paid by Bradford, are positively proved. The witness who deposed as to the collection of Guilbry, only swears *he thinks* it was paid. As the witness could not be certain of it, we do not see the jury can be considered in error for not allowing it in compensation.

But there is error in the verdict in not granting interest from the time the note fell due. It was protested; and by the act of 1821, bills of exchange and promissory notes carry legal interest from the day they are regularly protested for non-payment. *Acts*, 1821, 44.

The interest on the balance due on the note from the time it fell due, up to this time, is $113 75 cents, which, added to $450, makes the whole amount to which the plaintiff is entitled, $563 75 cents.

It is therefore ordered, adjudged, and decreed that the judgment of the parish court be

Eastern Dist. annulled, avoided and reversed : And it is
*March,* 1828. further ordered, adjudged, and decreed, that
O'CONNER the plaintiff do recover of the defendant, the
*vs.* sum of five hundred and sixty-three dollars
BERNARD. and seventy-five cents, with costs in both
courts.